IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Wright, ) | Case No. 0:21-cv-3495-TLW |
|         PETITIONER, ) | |
| vs. ) | **ORDER** |
| Donnie Stonebreaker, Jr., ) | |
|         RESPONDENT. ) | |

Petitioner Eric Wright ("Petitioner"), a state prisoner represented by counsel, filed this habeas petition pursuant to 28 U.S.C. § 2254 on October 25, 2021. ECF No. 1. This matter is before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Paige J. Gossett, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). ECF No. 25. In the Report, the magistrate judge recommends that this Court grant Respondent Donnie Stonebreaker, Jr.'s motion for summary judgment on the basis that Petitioner's petition is untimely and not subject to equitable tolling. *Id*. Petitioner filed objections to the Report, ECF No. 26, to which Respondent has replied, ECF No. 27. Accordingly, this matter is now ripe for review, adjudication, and disposition.

## RELEVANT BACKGROUND

The Court incorporates the relevant procedural background as set forth in the Report:[1]

---

[1] For ease of reading, the Court has removed all docket and internal citations.

>Wright was indicted in 2009 in Beaufort County for assault and battery with intent to kill ("ABWIK") and possession of a weapon during a violent crime. Wright was represented by Ian C. Deysach, Esquire, and Gene G. Hood, Esquire, and on October 24-27, 2011, was tried before a jury and found guilty as charged. The circuit court sentenced Wright to concurrent sentences of eighteen years' imprisonment for ABWIK and five years' imprisonment for possession of a weapon during the commission of a violent crime.
>
>Wright timely appealed and was represented by David Alexander, Esquire, who filed a brief on Wright's behalf. On March 5, 2014, the South Carolina Court of Appeals affirmed Wright's conviction and sentence. Wright filed a petition for rehearing, which was denied on April 11, 2014. Wright filed a petition for a writ of certiorari on July 11, 2014, which the South Carolina Supreme Court denied on November 20, 2014. The remittitur was issued on June 2, 2015.
>
>Wright filed a *pro se* application for post-conviction relief ("PCR") on August 17, 2015, which he later amended through counsel. On October 12, 2017, the PCR court held an evidentiary hearing at which Wright testified and was represented by James K. Falk, Esquire. By order filed December 6, 2017, the PCR court dismissed Wright's PCR application with prejudice.
>
>Counsel for Wright, Joanna K. Delany, Esquire, Appellate Defender for the South Carolina Commissioner on Indigent Defense, petitioned for a writ of certiorari on July 2, 2018. On September 25, 2020, the South Carolina Court of Appeals denied Wright's petition for a writ of certiorari. The remittitur was issued October 23, 2020, and filed with the Beaufort County Clerk of Court on October 27, 2020.
>
>Wright, through counsel, filed his federal Petition for a writ of habeas corpus on October 25, 2021.

ECF No. 25 at 1–3. The Petition sets forth six grounds for habeas relief, which are addressed in detail by the parties' filings and noted in the magistrate judge's Report.

Respondent filed a response to the petition along with a motion for summary judgment. ECF Nos. 18 & 19. Respondent asserts that the petition should be dismissed because it is untimely and barred by the statute of limitations as set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.*

Alternatively, Respondent asserts that several of Petitioner's grounds are procedurally defaulted and that, regardless, the petition should be denied on the merits. *Id.*

## THE REPORT AND PETITIONER'S OBJECTIONS

The magistrate judge found no need to address the merits of the petition because it was over five months outside of AEDPA's one year statute of limitations. ECF No. 5–8. Further, the magistrate judge found that there is no basis to find that Petitioner is entitled to equitable tolling. *Id.* at 6. Specifically, she found that Petitioner's argument that he is entitled to equitable tolling because he "played no role in calculating or determining the appropriate filing window" since he had retained counsel was insufficient to warrant equitable tolling or to show that he had been "diligently pursuing his rights." *Id.* at 6–7. Accordingly, she recommended that this Court grant Respondent's motion for summary judgment and dismiss the petition with prejudice as untimely. *Id.* at 8.

Petitioner has filed objections to the Report. ECF No. 26. The basis for these objections being that the magistrate judge erred in concluding that the petition was untimely. *Id.* at 2–6. Petitioner contends that the magistrate judge incorrectly calculated the running of the statute of limitations and that, if the statute is calculated correctly, the petition is timely. *Id.*

Respondent filed a reply to Petitioner's objections. ECF No. 27. In this Reply, Respondent notes that the method for calculating the running of the statute of limitations, as suggested by Petitioner, has been previously rejected by both this

Court and the Supreme Court of the United States. *Id.* at 3. Accordingly, Respondent requests that the Court overrule Petitioner's objections and adopt the Report. *Id.* at 27.

Having reviewed the relevant background of the case, the Report's findings and recommendation, and Petitioner's objections, the Court will now address the substance of Petitioner's objections in conducting its own analysis of the Report.

## STANDARD OF REVIEW

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## ANALYSIS

In light of the standard set forth in *Wallace*, the Court has reviewed the Report, the objections, and other relevant filings and agrees with the magistrate

judge that the petition is untimely.

## I. THE TIMELINESS OF THE PETITION

The Court will first address the Report's conclusion that the petition is untimely before moving on to its conclusion that Petitioner is not entitled to equitable tolling.

### A. AEDPA's Statute of Limitations

AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The federal time limit begins to run "from the latest of— [] the date on which the judgment became *final* by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A) (emphasis added). However, a "properly filed application for State post-conviction relief or other collateral review" will toll the time for filing. 28 U.S.C. § 2244 (d)(2).

### B. The Relevant Dates

After Petitioner was sentenced, he filed a timely notice of appeal with The South Carolina Court of Appeals on October 27, 2011, which was perfected on May 13, 2013, and affirmed via unpublished opinion on March 5, 2014. Petitioner petitioned for rehearing, which was denied on April 11, 2014. Thereafter, Petitioner filed a petition for writ of certiorari with the South Carolina Supreme Court on July 11, 2014. Importantly, certiorari was denied on November 20, 2014, and remittitur was returned on June 2, 2015.

Over two months later, Petitioner filed his PCR application on August 17, 2015. After an evidentiary hearing on October 12, 2017, the PCR court denied the PCR application and subsequently issued an order of dismissal on December 6, 2017. Five days later, on December 11, 2017, Petitioner appealed the PCR court's order of dismissal. On July 2, 2018, he filed a petition for write of certiorari. The matter was then transferred to the South Carolina Court of Appeals, pursuant to SCACR Rule 243(1) on November 27, 2018. The Court of Appeals denied certiorari ten months later by order dated September 25, 2020. Remittitur was issued on October 23, 2020, and filed by the Beaufort Country Clerk of Court on October 27, 2020.

Petitioner, through counsel, filed the instant petition on October 25, 2021, which he amended on November 15, 2021.

### C.     The Running of the Statute as Calculated by the Magistrate Judge

As noted in the briefing, Petitioner's direct appeal raised several issues under *Batson v. Kentucky*, 476 U.S. 79 (1986). He was, therefore, entitled to a further 90 days of tolled time in which to seek certiorari from the Supreme Court of the United States after the South Carolina Supreme Court's denied certiorari on November 20, 2014. 28 U.S.C.A. § 1257(a); *see* Sup.Ct. R. 13(1). This 90-day period is crucial to the Court's analysis.

Ultimately, Petitioner decided not to seek certiorari with the Supreme Court. Therefore, the statute began to run 90 days after the South Carolina Supreme Court denied certiorari, *i.e.*, on February 19, 2015. The statute continued to run until

August 17, 2015, the date when Petitioner filed his PCR application. During this nearly six-month period, a total of 179 days elapsed against the statute of limitations.

The statute remained tolled during the pendency of the PCR action. The PCR action ended on October 23, 2020, when the South Carolina Court of Appeals issued the remittitur from its order denying Petitioner's petition for a writ of certiorari. At this stage, Petitioner had 186 days, or until April 27, 2021, to timely file a federal habeas petition. Petitioner filed the instant petition on October 25, 2021–over five months after the expiration of the statute of limitations.

### D.   The Substance of Petitioner's Objections

Petitioner contends that "[t]he Magistrate's Report and Recommendation erroneously concluded that Petitioner's conviction became final on February 18, 2015." ECF No. 26 at 3. Petitioner asserts that the conviction became final on June 2, 2015, the date on which the South Carolina Supreme Court issued remittitur from Petitioner's direct appeal. *Id.* at 26. Petitioner further asserts that he is entitled to the additional 90-days of tolled time from this date in which to seek to seek certiorari from the Supreme Court of the United States. *Id.* at 4. According to Petitioner, this 90-day period beyond the June 2, 2015, remittitur date would mean that the statute would begin to run on August 31, 2015. *Id.* His PCR application, which tolls the statute, was filed on August 17, 2015. Therefore, explains Petitioner, the limitations period had not begun to run between the conclusion of Petitioner's direct appeal and the filing of his PCR application. *Id.* at 5.

Petitioner asserts that the statute began to run on October 23, 2020, the date when his PCR proceedings concluded with the South Carolina Court of Appeals issuing remittitur. *Id.* In order for the petition to be timely under this calculation, it would have to be filed on or before October 24, 2021. *Id.* However, because that date fell on a Sunday, the statute was extended to Monday, October 25, 2021. *Id.* at 5–6. This is the date Petitioner filed the instant petition. *Id.* at 6 Therefore, Petitioner asserts that his petition was timely, and that the magistrate judge erred in finding otherwise. *Id.*

### E.   The Court's Review

The Court finds that Petitioner's objections are without merit. Petitioner argues that the Supreme Court of the United States' 90-day time limit for filing a writ of certiorari did not begin to run until 90 days after the South Carolina Supreme Court issued its remittitur in Petitioner's direct appeal, *i.e.*, on August 31, 2015. This argument is directly rebutted by the plain language of the Rules of the Supreme Court of the United States and case law from both the Fourth Circuit and this District.

Both the magistrate judge's conclusions and Petitioner's objections hinge on when the judgment became "final" under § 2244(d)(1)(A). This requires a two-fold analysis: first, when did the judgment become final in state court, for purposes of triggering the Supreme Court of the United States' 90-day time period for filing a writ of certiorari, and second, when did the judgment become final under § 2244(d)(1)(A) and thus triggering the running of the statute. The Court will address each issue in turn.

### *1. The Judgment Became Final in State Court on November 20, 2014, Triggering the Supreme Court's 90-Day Period for Seeking Certiorari.*

As to the first issue, the Court concludes that the Supreme Court's 90-day time period did not begin to run until the state court judgment was *entered*, as opposed to when the South Carolina Supreme Court issued remittitur. Rule 13 of the Rules of the Supreme Court of the United States directly answers this question. First, under Rule 13.1:

> A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is fled with the Clerk within 90 days after entry of the order denying discretionary review.

U.S. Sup. Ct. R. 13.1. This Rule is further clarified by Rule 13.3, which states:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and *not from the issuance date of the mandate (or its equivalent under local practice).*

U.S. Sup. Ct. R. 13.2 (emphasis added). These two rules directly rebut Petitioner's argument that the 90-day time period for filing a writ of certiorari does not begin to run until the issuance of a direct appeal remitter. Moreover, both the Fourth Circuit and this District have previously found that the 90-day period for seeking a writ of certiorari begins to run from the date the state's highest court enters judgment. *See Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000); *Smith v. McCall*, No. 8:09-cv-643-TLW 2009 WL 3233516 at*1 (D.S.C. Sept 30, 2009); *Payne v. Rushton*, No. 2:04-cv-23351-TLW 2006 WL 694744 at *1 (D.S.C. Mar. 17, 2006).[2] Here, the South Carolina

---

[2] *See also Wilson v. United States*, No. 4:12-cv-00043-TLW, 2012 WL 2890185, at *3 n.2 (D.S.C. July 16, 2012) (noting in review of the timeliness of a § 2255 petition that, under U.S. Sup.Ct. Rule 13(1), "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]").

Supreme Court denied certiorari on November 20, 2014. This is the date the Supreme Court's 90-day time period began to run.

### 2. *The Judgment Became Final for Purposes of Triggering AEDPA'S Statute of Limitations After the 90-Day Period for Seeking a Writ of Certiorari Expired on February 19, 2015.*

The second question concerns when the judgment became "final" for purposes of triggering the running of the statute of limitations under § 2244(d)(1)(A). This issue was specifically addressed by the Supreme Court in *Gonzalez v. Thaler*, 565 U.S. 134 (2012). The Court held as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"— when the time for pursuing direct review in this Court, or in state court, *expires*.

*Gonzalez*, 565 U.S. at 150. Petitioner's judgment in this case became final when his time for pursuing review in the Supreme Court expired. That date is 90-days after the South Carolina Supreme Court denied certiorari, *i.e.*, February 18, 2015. Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure,[3] the one-year statute

---

[3] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

> **(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>> **(1) Period Stated in Days or a Longer Unit.**
>> When the period is stated in days or a longer unit of time:
>>> **(A)** exclude the day of the event that triggers the period;

of limitation began to run on February 19, 2015. As the magistrate judge correctly found, this is the date the statute of limitations began to run.

The statute ran from this date for 179 days until Petitioner filed his PCR action on August 17, 2015. After the conclusion of the PCR action on October 23, 2020, it resumed running and ran for another 428 days until Petitioner filed the instant action on October 25, 2021. That date is 180 days or nearly six months outside of the statute of limitations. Accordingly, the Court concludes that the magistrate judge correctly found that the petition was untimely.

## II.     EQUITABLE TOLLING

The magistrate judge next addressed Petitioner's argument that his petition is entitled to equitable tolling "because he played no role in calculating or determining the appropriate filing window." ECF No. 25 at 6 (quoting ECF No. 22 at 12–13). In the Report, the magistrate judge found that "the allegations in this case do not support a finding of 'egregious' misconduct by counsel sufficient to create an extraordinary circumstance that warrants equitable tolling." *Id.* at 7. She further noted that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstances beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Id.* at 7–8 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000)).

---

**(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
**(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Petitioner's objections do not contest this conclusion. Hence, the Court agrees with the Report's conclusion that Petitioner has not established a basis for equitable tolling. Because the statute cannot be equitably tolled, the petition remains untimely, warranting dismissal.

## CERTIFICATE OF APPEALABILITY

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing § 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

## CONCLUSION

After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 25, is **ACCEPTED**. Petitioner's objections, ECF No. 26, are **OVERRULED**. Petitioner's motion for relief pursuant to § 2254, ECF No. 1, is **DENIED**. The Court GRANTS Respondent's motion for summary judgment, ECF No. 19, and **DISMISSES** the petition with prejudice as untimely.

**IT IS SO ORDERED.**

                                                     _s/Terry L. Wooten_
                                                  Senior United States District Judge

February 10, 2023
Columbia, South Carolina